2017R00620/GLB/BAW/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Zahid N. Quraishi |
| v. | : | Crim. No. 17-257 (ZNQ) |
| ANTHONY AMADO, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

WHEREAS, on or about July 5, 2017, pursuant to a plea agreement with the United States, defendant Anthony Amado pleaded guilty to a Superseding Information (the "Information") that charged the defendant with conspiracy to commit securities fraud, contrary to 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, in violation of 18 U.S.C. § 371. In the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, the defendant obtained that constitutes or is derived from proceeds traceable to the offense charged in the Information, and all property traceable to such property, which the defendant agreed had a value of $671,080. The defendant further agreed to the imposition of a money judgment in the amount of $671,080 (the "Money Judgment"), which can be satisfied with proceeds and/or substitute assets, pursuant to 21 U.S.C. § 853(p); and

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.

WHEREAS, the Court having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. All property, real and personal, that constitutes or is derived, directly and indirectly, from proceeds the defendant obtained that are traceable to the offense to which he pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. Pursuant to the plea agreement, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b), the Court finds that the value of the proceeds obtained by the defendant was $671,080. A money judgment in the amount of $671,080 (the "Money Judgment") is hereby entered against the defendant, which may be satisfied with proceeds and/or substitute assets.

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States

Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6. This Order of Forfeiture shall be part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

7. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $671,080.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: August 7, 2024

_____
HON. ZAHID N. QURAISHI, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

_____     Dated: 8/6/2024
By: GEORGE L. BRANDLEY
Assistant United States Attorney

_____     Dated: 8/7/24
JOSEPH HAYDEN, ESQ.
AIDAN P. O'CONNOR, ESQ.
Attorneys for Defendant Anthony Amado

_____     Dated: 8/7/24
ANTHONY AMADO, Defendant

-4-